UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| RIO GRANDE MINI STORAGE, LLC § <br> D/B/A AAAA SELF STORAGE § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ATAIN SPECIALTY INSURANCE § <br> COMPANY § <br> Defendant. § | CIVIL ACTION NO. 2:21-CV-00061 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff RIO GRANDE MINI STORAGE, LLC D/B/A AAAA SELF STORAGE ("Plaintiff"), complaining of ATAIN SPECIALTY INSURANCE COMPANY ("Atain" or "Defendant") and for such cause of action respectfully shows unto the Court and Jury as follows:

## II. PARTIES

1. Plaintiff is a limited liability company domiciled in Texas.

2. Defendant is a property and casualty insurance company domiciled and incorporated in Michigan does business within this state. Pursuant to the Policy at issue in this matter, Defendant has agreed that service of process may be made upon the **Claims & Litigation Director, Atain Specialty Insurance Company, Kaufman Financial Center, 30833 Northwest Highway, Farmington Hills, MI 48334**. Service is requested at this time.

Plaintiff's Original Complaint                                                                                                             1

### III. AGENCY AND RESPONDEAT SUPERIOR

3. Whenever in this complaint it is alleged that Defendant did any act or thing, it is meant that Defendant itself or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

4. The court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(3) because the suit is between citizens of different states, a subject of a foreign state is an additional party, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in this district under 28 U.S.C. §1391(a)(2) & §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and the property at issue is situated in this division.

### V. CONDITIONS PRECEDENT

6. All conditions precedent to recovery have been performed, waived, or have occurred

### VI. FACTS

7. Plaintiff is the owner of a Texas Commercial Policy No. CIP379248, issued by Defendant (the "Policy"). The Policy provides coverage for damage caused by covered perils including hail damage, wind damage, and water intrusion damage as a result of storm-created openings or separations.

8. Plaintiff owns the insured property, which is specifically located at 601 Avenue G, Del Rio, Texas 78840 (the "Property"). The Property is an approximate 50,000+/- sq/ft commercial property consisting of twelve (12) buildings operated as a mini storage facility.



9. Defendant or Defendant's agents sold the Policy, insuring the Property to Plaintiff.

10. Defendant represented to Plaintiff that the Policy provided coverage to pay the full value of any loss and damage to the Property caused by covered perils, which includes hail and wind among other types of covered perils. Plaintiff relied on such representations to purchase the Policy, continue to pay premiums to keep the Policy in effect, and to submit an insurance claim for loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion. However, Plaintiff relied on such representations to Plaintiff's detriment because Defendant ultimately refused to pay the full value of loss and damage to the Property caused by covered perils, including loss and damage caused by hail, wind, and water intrusion.

11. On or about April 11th, 2020, Plaintiff experienced a hailstorm that damaged the Property. In its track, the storm left behind widespread damage to the Property caused by covered perils, including but not limited to (1) hail and wind damage the roofs of the Property; (2) hail and wind damage to the exterior the Property, including to the roll up doors for the storage units; and (3) interior water damage. The storm caused severe damage to the roof and/or roof coverings which caused the penetration of water.

12. Plaintiff timely submitted an insurance claim to Defendant for all covered damage caused by the storm, and Defendant assigned claim number 202001171 to Plaintiff's insurance claim. Defendant assigned one or more adjusters to adjust Plaintiff's claim.  These adjusters acted as agents and representatives of Defendant in regard to Plaintiff's insurance claim engaged in the business of insurance by investigating, processing, evaluating, approving, and denying, in whole or in part, Plaintiff's insurance claim.

13. Defendant's adjusters and/or representative's engaged in adjusting Plaintiff's claim included, without limitation: Minuteman Adjusters, Susie Haskin-Colovas, Dawn Szaflarski, Specialty Adjusting International, Mark Strong, and Linda Nassar.

14. One or more of Defendant's adjusters and/or representative's engaged in adjusting Plaintiff's claim are not licensed insurance adjusters in the State of Texas.

15. Defendant's adjuster(s) inspected Plaintiff's Property after the storm.  Defendant and Defendant's adjuster(s) were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damages done to Plaintiff's Property.

16. Defendant retained the services of an engineer who determined that the storm at issue created openings in the roofs and/or roof coverings for all twelve (12) of the Property's buildings.

17. The engineer also determined that the storm caused severely distorted roof panel ribs and removal of the roof panels' protective coating.

18. The engineer also determined that there were circular dents in the metal roll up doors at the Property.

19. Defendant's own retained witnesses have determined that the storm event in question distorted roofing seams, caused the removal of protective coating from the roof panels, reduced the stiffness and rigidity of the roof panels, and created multiple roof openings on each of the buildings at the Property.

20. Defendant has been provided with the findings of a public adjuster, roofer, and engineer who all opine that replacement of the damaged roofing systems is necessary.

21. Instead of paying for the covered damages, Defendant has opted to conduct a delay campaign for this claim. Defendant has delayed its investigation and delayed responding to the insured's representatives. Defendant has insisted that Plaintiff provide various records and information that have no bearing on the outcome of Defendant's investigation of the claim. Each of these various actions and omissions, among others, can only be characterized as "knowing" conduct under the Texas Insurance Code.

22. Despite finding extensive covered storm damage to Plaintiff's Property, Defendant prepared a repair estimate that vastly under-scoped the actual covered damages to the Property. For example, despite that the storm event caused widespread hail damage and openings on the roofs of all of the buildings at the Property, Defendant determined that only a minimal amount was owed on the claim.

23. By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, Defendant engaged in unfair insurance and settlement practices prohibited under Texas law.

24. Defendant conducted a substandard inspection and made an erroneous determination that overlooked, disregarded, and misrepresented the actual covered damages caused by the storm, such as storm damage to the building's roll up doors and roof. As a result, Defendant's adjustment of the insurance claim did not allow for any funds to cover repairs or replacements to restore Plaintiff's Property as provided for under the Policy.

25. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to properly pay proceeds of the Policy, although due demands were made for proceeds to be paid in amounts sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract.

26. Despite finding widespread covered damage to Plaintiff's Property, Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damages were caused by covered perils and not excluded.

27. As a result, Defendant failed to account for all of the covered damage by overlooking or disregarding, and thereby omitting from its adjustment of the insurance claim, all of the storm damage that was part of the covered loss. Ultimately, to ostensibly effectuate a settlement of Plaintiff's insurance claim, Defendant wrongfully determined and misrepresented that only a minimal was due on Plaintiff's insurance claim. Thus, Defendant misrepresented material facts regarding lack of coverage for the omitted storm damages.

28. Defendant's repair/replace estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the full amount of loss to the Plaintiff. Indeed, Plaintiff confided with other industry professionals who determined that the actual covered damages far exceeded Defendant's determinations. Plaintiff contacted and attempted to work

with Defendant to resolve Plaintiff's insurance claim and to obtain payment for the full value of all the covered damage. However, Defendant refused to consider or accept any findings, information, or opinions from anyone other than those paid for by Defendant. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section of the Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

29. Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it were aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

30. Defendant failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

31. Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

32. Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation of the claim. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a

violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

33. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

34. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadlines of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

35. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed, and to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claim subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

36. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

37. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of a public adjuster and a law firm who are representing Plaintiff with respect

to this claim. To date, Defendant has failed to and refuses to pay Plaintiff for the proper repair or replacement of the Property.

38. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling this type of claim. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract**

39. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

40. According to the Policy that Plaintiff purchased, Defendant had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, Plaintiff's business has been damaged.

41. Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

42. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

43. Defendant's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant violated Section 542 by failing to timely acknowledge receipt of Plaintiff's claim, investigate Plaintiff's claim, or request from Plaintiff all items, statements, and forms that it reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.055. Defendant has also violated Section 542 by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code § 542.056. Defendant has further violated Section 542 by failing to pay the full value of Plaintiff's claim within the applicable statutory timeframes. *See* Tex. Ins. Code §§ 542.057–.058. Additionally, if it is determined Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant will have automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

## C. DTPA Cause of Action

44. Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

45. Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters.

46. By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46(b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendant's violations include, without limitation:

A.  (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair or replacement of covered damages to Plaintiff's business on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.  As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.  As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.  As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.  Defendant have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.  Defendant's actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly

        unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

    G.    Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

47.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

48.    Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

49.    Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Section 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair or replacement of covered damages to Plaintiff's Property on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

    B.    Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

    C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(1), *see* Tex. Ins. Code § 541.060(a)(2);

    E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

    F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7); and

    G.    Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3).

45.    Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

46.    All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

47.    Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

48.    Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendant has breached its common law

duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VIII. WAIVER AND ESTOPPEL

49. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX. REQUESTED RELIEF

### A. Damages

50. The above-described acts, omissions, failures, and conduct of Defendant caused Plaintiff's damages, which include, without limitation, the cost to properly repair or replace the damages to Plaintiff's business and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract, including but not limited to increased repair costs, additional ongoing/damages to the Property due to Defendant's failure to timely pay, attorney's fees incurred, public adjuster fees, and expert and consulting fees. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus a percentage of per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees.

### B. Additional Damages

51.     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

### C. Exemplary Damages

52.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

### D. Attorney's Fees

53.     As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### XIV. JURY DEMAND

54.     Plaintiff respectfully demands a trial by jury.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

**WILL ALLAN LAW FIRM, PLLC**
13526 George Rd., Suite 200
San Antonio, Texas 78230
Telephone: (210) 742-9455
Telecopier: (210) 742-4742
serveall@willallanlaw.com

By: _____
WILLIAM N. ALLAN, IV
State Bar No. 24012204
**ATTORNEYS FOR PLAINTIFFS**